# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ARCHIE LEWIS SAPP, JR.,

    Plaintiff,

v.

GRIFFIN PARK APTS LLC; and TOWN & COUNTRY APTS., LLC,

    Defendants.

CASE NO. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Archie L. Sapp, Jr., by and through undersigned counsel, makes the following allegations based on his own personal knowledge, information and belief, and the investigation of counsel.

## INTRODUCTION

1. Plaintiff is an income-limited senior with mobility disabilities who lives on the second level of a multi-floor building served by two elevator(s). Defendants receive significant income or tax incentives for offering a specific number of units to United States veterans and tenants with disabilities under State and Federal programs. Notwithstanding the noble mission, Defendants have violated Plaintiff's equal housing rights by failing to maintain the elevators that serve his and other disabled residents' apartments. Federal and State laws guarantee equal use and enjoyment of government-funded housing for tenants with disabilities, including

safe, functional elevators that serve that housing. Because of his disabilities, Plaintiff relies on the elevators to access his home and community, and to receive emergency medical services.

2. Yet, Defendants have refused to reasonably or adequately maintain the elevators for at least the last three years. As a result, in the last six months alone the two elevators with access to Plaintiff's unit has been out of service more than 50% of the time.

3. During elevator outages, Plaintiff and other tenants with disabilities are functionally confined to and sometimes barred from reaching, accessing, using, or enjoying their upper-floor apartments. They are unable to access common amenities and to visit friends on other floors. Plaintiff missed critical medical appointments, injured himself trying to descend the stairs that are also in decrepit shape, called the paramedics when he became unable to continue going up stairs, trying to navigate around the elevator malfunctions.

4. Defendants are aware of the repeated danger to which they subject their disabled tenants. Plaintiff, other Griffin Park tenants, and several government agencies have repeatedly notified Defendants about the elevator deficiencies and their hazardous impact upon tenants with disabilities. Yet Defendants refused for years to take the necessary steps to provide a functional elevator system.

5. Plaintiff brings this civil rights action to remedy Defendants' chronic, intentional failure to provide a functioning elevator system in violation of the federal Fair Housing Amendments Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Florida state and common laws.

6. Plaintiff asks this Court to ensure he can finally access his home and the community, equal to his able-bodied neighbors.

## PARTIES

7. Plaintiff Archie Sapp is, and at all times relevant hereto was, a citizen and resident of Polk County, Florida. Plaintiff is a 56-year-old man, a veteran of the United States Army, who now suffers from myriad medical conditions, including deep vein thrombosis and right knee conditions that substantially restrict his mobility and confine him to a wheelchair.

8. Defendant Griffin Park Apts LLC ("Defendant Griffin Park") is a Florida limited liability company that is licensed to do business in the State of Florida. Defendant Griffin Park owns and operates the real property located at 1013 Griffin Road, Lakeland, Florida 33805.

9. Defendant Town & Country Apts., LLC ("Defendant TCA") is a Florida limited liability company that is licensed to do business in the State of Florida. Defendant TCA owns and manages the real property located at 1013 Griffin

Road, Lakeland, Florida 33805, the Griffin Park website, and payment systems for the Griffin Park apartments.

## JURISDICTION AND VENUE

10. The Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §1331 because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. §3601 et seq., Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the Rehabilitation Act, 29 U.S.C. §794.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims.

12. Personal jurisdiction and venue are proper because the claims accrued in this judicial district and Defendants maintain their headquarters and principal places of business in this judicial District.

## FACTUAL ALLEGATIONS

13. Defendants' Griffin Park property ("Defendants' property" or "Griffin Park property") was built in 1975, has four floors of units, and is a residential lodging facility.

14. On October 20, 2009, Defendants received a license for the elevators on their property.

15. Defendants' property has two elevators per each group of apartments.

16. From 2018 to 2024, Defendants' property received numerous governmental citations and consumer complaints concerning the maintenance, operation, and safety of elevators on the property.

17. Specifically, Defendants allowed the license for the elevators to become delinquent on August 1, 2021.

18. Upon information and belief, these delinquencies remained in effect until the latter part of 2024.

19. Defendants have an arrangement with State and Federal programs directed at housing United States military veterans.

20. On or about January 1, 2022, Plaintiff learned of Defendant's property because of the arrangement Defendant has with the United States veteran programs.

21. Before Plaintiff moved onto Defendants' property, he was visibly disabled because he was confined to a wheelchair such that elevator access was critical and a readily apparent necessity.

22. On or about January 1, 2022, Plaintiff moved into Apartment 212 on Defendants' property located at 1015 Griffin Road Lakeland, Florida, 33508.

23. Plaintiff suffers from myriad medical conditions, including deep vein thrombosis, gait, and right knee conditions that substantially restrict his mobility and confine him to a wheelchair.

24. Due to Plaintiff's conditions, he has difficulty walking, breathing, standing, bending, working, sleeping, carrying, holding, lifting, pushing, and pulling, all of which are major life activities and major bodily functions pursuant to the ADA and the FHA.

25. Plaintiff has even undergone at least five surgical procedures to his right knee, none of which have improved his mobility.

26. Plaintiff is a qualified individual with a disability pursuant to all federal statutes.

27. On or about February 1, 2024, Plaintiff verbally communicated to a leasing agent that the elevator nearest his apartment was inoperable and needed to be repaired so that he could access his second-floor apartment.

28. From about February 1, 2024 and the months thereafter, Defendants allowed the elevators to remain inoperable notwithstanding Plaintiff's verbal communication of his need for a working elevator.

29. In July 2024, Plaintiff placed a written request for reasonable accommodation – elevator repairs – with Defendant.

30. On August 1, 2024, Plaintiff attempted to descend his apartment building and noticed the elevator inoperable. Because Plaintiff had important personal business to attend to, he attempted to descend the stairs and fell down, causing himself permanent injuries.

31. Plaintiff promptly notified Defendants of his injuries sustained from the August 1, 2024 fall.

32. Rather than respond to Plaintiff's request or communications, Defendants did not respond nor did it provide such reasonable accommodation.

33. Because of Plaintiff's August 1, 2024 fall, he was hospitalized from August 22, 2024 to August 30, 2024, making his apartment unavailable for use by him as the tenant.

34. Defendants' blatant disregard and neglect of its elevators violate Plaintiff's civil rights based on his disabilities; preclude him from full enjoyment of his premises and his life; preclude him from equal opportunity to use and enjoy his home, as he is unable to accommodate himself, and his family.

35. Defendants' discrimination, disregard, and neglect are intentional and ongoing, with deliberate indifference to his protected rights.

36. Plaintiff retained the services of the Black Law Company and the undersigned to represent him in this cause of action.

## CAUSES OF ACTION

### COUNT ONE:
### VIOLATION OF THE FAIR HOUSING ACT

37. Plaintiff repeats the allegations asserted in paragraphs 1-36 as if fully set forth herein.

38. The federal Fair Housing Amendments Act (FHAA) makes it unlawful for a housing provider "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter, a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1); 24 C.F.R. § 100.202(a).

39. It is also unlawful under the FHAA "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person; or a person residing in or intending to reside in that dwelling after it is sold or made available; or any person associated with that person." 42 U.S.C. § 3604(f)(2); 24 C.F.R. § 100.202(b).

40. Discrimination under the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(3)(B); 24 C.F.R. § 100.204(a).

41. Discrimination under the FHAA also includes "[f]ailing or delaying maintenance or repairs of sale or rental dwellings because of ...handicap." 24 C.F.R. § 100.65(b)(2).

42. Defendants are multifamily housing providers subject to the FHAA.

8

43. Plaintiff suffers from myriad medical conditions, including deep vein thrombosis, gait, diabetes, and right knee conditions, all of which substantially limit his major life activities of walking, breathing, standing, bending, working, sleeping. Therefore, Plaintiff is disabled as defined by the FHA.

44. Plaintiff's conditions are open and obvious that Defendants knew of them when he was first leased his apartment. Plaintiff did, however, request from Defendant a reasonable accommodation of elevator access and repairs.

45. Plaintiff's request was reasonable and necessary to afford him an opportunity to safely use and enjoy his second-floor dwelling.

46. Defendants violated the FHA in numerous ways, including:

    a. Defendants made Plaintiff's apartment unavailable each and every time that the only elevator to access his apartment was inoperable, despite knowing that Plaintiff required elevator access since he moved in and knowing that he has made verbal and written communications of the same.

    b. Defendants discriminated against Plaintiff and other wheelchair-bound tenants each time the elevator was inoperable by affording another route of ingress and egress from their units but offering no alternate option to disabled tenants.

    c. Defendants failed to and refused to make reasonable accommodations – repairs, maintenance, servicing, or proper care – in its services because Defendants allowed the elevators to consistently and regularly remain in inoperable status.

47. Based on Defendants' failures, omissions, refusals, and inactions, Plaintiff is unable to equally enjoy his home as it is afforded to the non-disabled homeowners in Griffin Park property by Defendants.

9

48. As a result of Defendants' failures, omissions, refusals, and inactions, Plaintiff has been discriminated against, has been damaged, has sustained expenses to third parties in upkeep of his property, has suffered from emotional suffering, pain, anguish and humiliation.

49. Plaintiff will continue to face discrimination by Defendants and be a prisoner in his own home until Defendants' failures, omissions, refusals, and inactions are remediated.

50. Plaintiff seeks compensatory damages for emotional distress, medical expenses and stress, injunctive relief, punitive damages, and attorney's fees, costs and litigation expenses to address these violations.

## COUNT TWO:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

51. Plaintiff repeats the allegations asserted in paragraphs 1-36 as if fully set forth herein.

52. Defendant is a residential apartment complex that has partnered with State and Federal partners to offer housing to Veterans and disabled persons.

53. Accordingly, Defendant's common areas, including the stairwells, elevators, and offices, are places of public accommodation for the purposes of the ADA.

54. Plaintiff is a tenant in Apartment 212 of the Griffin Park Apartments and will continue to reside there in the future, accordingly, he will continue to be

harmed by Defendants, their discrimination, their failures, omissions, and inactions against disabled individuals.

55. Defendants violated the ADA in numerous ways, including:

   a. Failed to maintain policies and procedures to ensure compliance with the ADA, explicitly the ones providing equal access to common areas, floors higher than the first, and elevators.

   b. Denied Plaintiff an opportunity to access the common areas, his apartment on the second floor, and visitation of friends and peers also residing on floors higher than the first.

   c. Excluded Plaintiff from services of the places of public accommodation, including the Veteran housing program that initially placed him with Defendants, the benefit of using and enjoying his unit, and more explained above.

56. Defendants knew or should have known of their obligation under the ADA at all times described hereto as Plaintiff's disability was readily apparent visually, and he notified Defendants of his disabilities and need for elevator access.

57. Defendant chose to be deliberately indifferent to Plaintiff's civil rights by ignoring his verbal and written requests and failing to even appreciate his disability known to them since he moved in. Defendants knew Plaintiff would be harmed by their failure to provide reasonable accommodations to him in a timely manner.

58. Plaintiff suffered injuries as a result of Defendants' discriminatory actions.

59. Plaintiff seeks injunctive relief, punitive damages, and attorney's fees, costs and litigation expenses to address these violations.

## COUNT THREE:
## VIOLATION OF THE REHABILITATION ACT

60. Plaintiff repeats the allegations asserted in paragraphs 1-36 as if fully set forth herein.

61. Section 504 of the Rehabilitation Act of 1973 provides in relevant part: "[N]o otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance" 29 U.S.C. § 794; 24 C.F.R. § 8.4(a). Such programs and activities are prohibited from discriminating against qualified individuals with disabilities because a "recipient's facilities are inaccessible to or unusable by individuals with handicaps." *see* 24 C.F.R. § 8.20.

62. In relevant part, Section 504 requires covered programs to: refrain from disability discrimination, ensure program access, provide participants with reasonable accommodations, refrain from utilizing discriminatory criteria or methods of administration, and account for accessibility in alterations to housing facilities.

63. **Discrimination prohibited**. Defendants may not in providing any housing, aid, benefit, or service of Griffin Park directly or through contractual, licensing, or other arrangements, solely on the basis of disability:

    a. "Deny a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service." 24 C.F.R. § 8.4(b)(1)(i).

    b. Provide a qualified individual with handicaps with any housing, aid, benefit, or service that is not as effective in affording the individual an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 24 C. F. R. § 8.4(b)(1)(iii).

    c. "Aid or perpetuate discrimination against a qualified individual with handicaps by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any housing, aid, benefit, or service to beneficiaries in the recipient's federally assisted program or activity." 24 C.F.R. § 8.4(b)(1)(v).

64. **Program access**. Each Defendant must "operate each existing housing program or activity receiving Federal financial assistance so that the program or activity, when viewed in its entirety, is readily accessible to and usable by individuals with handicaps." 24 C.F.R. § 8.24(a).

65. A recipient may comply with the requirements of this section through such means as "alteration of existing facilities and construction of new facilities, or any other methods that results in making its programs or activities readily accessible and usable by individuals with handicaps." 24 C.F.R. § 8.24(b). Housing receiving HUD Project Based Section 8 must "comply with program accessibility

requirements of section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794) and implementing regulations at 24 CFR part 8." 24 C.F.R. § 983.102.

66. Defendants must also ensure that "alterations to common areas or parts of facilities that affect accessibility of existing housing facilities shall, to the maximum extent feasible, be made to be accessible to and usable by individuals with handicaps." 24 C.F.R. § 8.22(b)(1).

67. **Methods of Administration**. Defendants may not in directly or through contractual or other arrangements, "utilize criteria or methods of administration" the purpose or effect of which would:

    a. "Subject qualified individuals with handicaps to discrimination solely on the basis of handicap." 24 C.F.R. § 8.4(b)(4)(i).

    b. "Defeat or substantially impair the accomplishment of the objectives of the recipient's federally assisted program or activity for qualified individuals with a particular handicap involved in the program or activity, unless the recipient can demonstrate that the criteria or methods of administration are manifestly related to the accomplishment of an objective of a program or activity." 24 C.F.R. § 8.4(ii).

    c. "Perpetuate the discrimination of another recipient if both recipients are subject to common administrative control..." 24 C.F.R. § 8.4(iii).

68. Defendants have been and are recipients of federal financial assistance sufficient to invoke the coverage of Section 504.

69. Plaintiff is and has been a qualified individuals with disabilities within the meaning of Section 504 and is otherwise qualified to participate in or receive benefits from Defendants' programs or activities. 29 U.S.C. § 794(b).

70. The Program, including its housing and other benefits, activities, and services are a program, service or activity that Defendants offer within the meaning of Section 504.

71. Defendants caused a substantial alteration to the Program, including negligent maintenance, alteration, and pejoration to the elevators unrelated to function and alterations in the paths of travel and common areas served by elevators.

72. Defendants' actions and omissions discriminate against Plaintiff solely by reason of his open and obvious disability in violation of Section 504. Defendants' discriminatory conduct includes but is not limited to denying Plaintiff meaningful access to housing by failing to maintain operable elevators.

73. Defendants' violations of Section 504 have harmed and will continue to harm Plaintiff in the future.

74. Because Defendants' discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

75. Plaintiff seeks injunctive relief, punitive damages, and attorney's fees, costs and litigation expenses to address these violations.

## COUNT FOUR: NEGLIGENCE

76. Plaintiff repeats the allegations asserted in paragraphs 1 through 36 of the complaint as if set forth fully herein.

77. Defendants, as the owners of the Griffin Park property and landlord, had a duty to act with reasonable care to protect the health and safety of tenants, notwithstanding their disability status, and a duty to maintain common elements like the elevator. These duties stem from common law, the Florida Landlord Tenant Act, the Florida Fair Housing Act, Veterans Affairs Regulations, and all applicable Florida building codes.

78. Defendants, as the owners of the Griffin Park property and landlord, had a duty to maintain the common areas and elements, such as elevators, in a state of reasonable use. This duty stems from common law, the Florida Landlord Tenant Act, the Florida Fair Housing Act, Veterans Affairs Regulations, and all applicable Florida building codes.

79. Defendants breached their duties to Plaintiff by failing to provide reasonably safe premises free of inoperable elevators or faulty stairs, and by failing to undertake measures to timely and adequately repair the elevators or provide a reasonable accommodation to ameliorate the danger.

80. Defendants' breach is evidenced by their repeated delinquency status on the elevator licensure.

81. As a result of Defendants' negligence, Plaintiff has been damaged.

82. Plaintiff seeks compensatory damages for emotional distress, medical expenses and stress, injunctive relief, punitive damages, and attorney's fees, costs, and litigation expenses to address these violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

a) For an order declaring that Defendants have violated the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act of 1973.

b) Award compensatory and punitive damages to Plaintiff and against Defendants.

c) Reasonable attorney's fees and costs;

d) For prejudgment interest on all amounts awarded; and

e) Such other relief as the court deems just and appropriate.

Respectfully submitted,

**Scate Telusnord, FBN: 1036068**
scate@telusnordlaw.com
**TELUSNORD LAW FIRM**
33888 Field Maple Loop
Wesley Chapel, FL 33545
P: 813-513-9340 / F: 813-279-2586
**For Service of Court Documents:**
pleadings@telusnordlaw.com
Attorney for Plaintiff